UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DEBRA McANULTY
a/k/a DEBORAH McANULTY                    CIVIL ACTION NO. 5:14-cv-0389
     LA. DOC #513948
VS.                                        SECTION P

                                          JUDGE TOM STAGG

WARDEN JIM ROGERS                          MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* petitioner Debra McAnulty, also known as Deborah McAnulty, a prisoner in the

custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas*

*corpus* pursuant to 28 U.S.C. §2254 on February 10, 2014. Petitioner attacks her 2006

convictions for aggravated rape and the consecutive life sentences imposed thereon by the

Eleventh Judicial District Court, Sabine Parish. This matter has been referred to the undersigned

for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and

the standing orders of the Court. For the following reasons it is recommended that the petition be

**DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On July 6, 2005, petitioner and her co-defendant, Ricky Cuskey, were indicted by the

Sabine Parish Grand Jury, each charged with two counts of aggravated rape. [Doc. 1-3,

Attachment 29, pp. 176-179] Petitioner and Cuskey were represented at trial by retained counsel,

Ms. Laura Johnson. [Doc. 1-1, p. 2] On July 13, 2006, petitioner and Cuskey were found guilty

as charged. [Doc. 1-1, p. 4] On September 21, 2006, petitioner was sentenced to serve

consecutive life sentences. [*Id.*]

Petitioner and Cuskey appealed their convictions and sentences to the Third Circuit Court

of Appeals.[1]  On October 3, 2007, petitioner's convictions, as well as those of her co-defendant, were affirmed and notice of judgment was mailed by the Third Circuit Court of Appeals. In affirming the convictions the Court of Appeals concluded that the evidence was sufficient to support the convictions; the Court refused to address the excessive sentence claims because neither petitioner nor her co-defendant had preserved the error by filing a motion to reconsider sentence as required by La. C.Cr.P. art. 881.1. Further, the Court did not reach the merits of the juror issue or the denial of the motion to sever since neither assignment was briefed and both were therefore deemed abandoned. [*See State of Louisiana v. Rickie Cuskey and Debra McAnulty*, 2007-121 (La. App. 10/3/2007), 964 So.2d 490 (Table); see slip opinion at Doc. 1-3, Attachment 18, pp. 107-123]  Neither petitioner nor her co-defendant sought further direct review in the Louisiana Supreme Court.

On August 21, 2008, petitioner's family retained Mr. Harry L. Daniels, III, an attorney from Baton Rouge, to represent petitioner. On November 5, 2008, Daniels filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 in this court. Counsel also filed a motion to hold *habeas corpus* petition in abeyance.  No grounds for *habeas* relief were identified in either pleading. *See Debra McAnulty v. Warden, L.C.I.W.*, Civil Action No. 5:08-cv-1659 (hereinafter, *McAnulty I*) at Docs. 1 and 2. On December 16, 2008, United States Magistrate Judge Mark Hornsby recommended dismissal of the petition without prejudice for failure to exhaust available State court remedies and denial of the motion for failing "... to demonstrate that her [*habeas*]

---

[1] Petitioner, through court-appointed appellate counsel, Ms. Peggy J. Sullivan, asserted four assignments of error – (1) insufficiency of the evidence, (2) trial error in refusing to allow counsel to respond to remarks made by a prospective juror, (3) error in the denial of a pre-trial motion to sever, and (4) failure to articulate the basis for imposing consecutive sentences. Cuskey was also represented by court-appointed appellate counsel. He argued sufficiency of the evidence and excessive sentence.

claims are not plainly meritless." The Magistrate Judge also noted that the petition appeared to have been untimely filed. *McAnulty I* at Doc. 8.  On January 5, 2009, counsel objected to the Report arguing that petitioner's continuous incarceration since her July 6, 2005, arrest and her family's poverty prevented her from retaining post-conviction counsel; counsel also argued that he "... will present arguments to the state court that address the merit of these claims..."; however, he still did not identify the substance of these *habeas corpus* claims.  Finally, with regard to the issue of timeliness, counsel noted that he was retained on August 21, 2008, and that thereafter on September 1 and 8, 2008, Hurricanes Gustav and Ike caused him to lose "countless man hours that would have been devoted to preparation of this application..." and "[b]ut for these uncontrollable acts of GOD, counsel would have been able to file this application prior to the expiration of the prescriptive period." *McAnulty I* at Doc. 9. On February 2, 2009, the Court adopted the reasoning of the Report and Recommendation and entered a judgment dismissing the petition without prejudice for failing to exhaust state court remedies and denying the motion for stay and abeyance. *McAnulty I* at Doc. 10. Petitioner did not appeal.

On October 19, 2009, Mr. Daniels filed an application for post-conviction relief in the Eleventh Judicial District Court on behalf of petitioner.[2]  Thereafter counsel, Mr. Elvin Fontenot,

---

[2] Therein he argued the following claims for relief: (1) ineffective assistance of counsel/conflict of interest occasioned by the joint representation of the co-defendants at trial; (2) ineffective assistance of counsel for failing to move for a mistrial when prejudicial statements were made by a prospective juror during voir dire; (3) ineffective assistance of counsel for failing to call favorable witnesses; (4) ineffective assistance of appellate counsel for abandoning two assignments of error; (5) ineffective assistance of counsel for failing to have independent medical examination to determine the presence of herpes; (6) ineffective assistance of counsel for opening the door to questions concerning a proffered polygraph examination; (7) ineffective assistance of counsel based on inadequate examination of prospective jurors during voir dire; (8) denial of fair trial by failing to grant severance motion; (9) ineffective assistance of counsel for failing to request an instruction on the law of principals; (10) ineffective assistance of counsel based upon instructions given by counsel with regard to the testimony of petitioner and her co-

3

filed post-conviction application raising similar claims on behalf of petitioner's co-defendant. [Doc. 1-3, Attachment 15, pp. 5-37] On July 21, 2010, an evidentiary hearing was convened; the proceedings were consolidated and evidence was presented.  [Doc. 1-3, Attachment 17, pp. 45-106] On September 29, 2010, the application was denied.

On November 23, 2010, petitioner filed a *pro se* application for writs in the Third Circuit Court of Appeal.[3] [Doc. 1-2, Attachment 12, pp. 196-233] The writ was assigned Docket Number KH 10-01426 and on January 4, 2011, the Third Circuit refused to consider the writ application because petitioner failed to provide a complete copy of the hearing transcript along with post-hearing memoranda. Petitioner was instructed to re-file her application to cure the deficiencies. *State of Louisiana v. Debra McAnulty*, No. KH 10-01426. [Doc. 1-2, Attachment 11, pp. 193-195] Thereafter, on January 25, 2011, petitioner re-submitted her writ application to the Third Circuit Court of Appeals. [Doc. 1-2, Attachment 10, pp. 178-192] On June 21, 2012, the Third Circuit entered the following judgment –

> Relator's claims concerning sufficiency of the evidence presented at trial, trial counsel's failure to meet more frequently with Relator, and the trial court's inability to select an impartial jury were not raised in her application to the trial court and are thus not considered. Uniform Rules – Courts of Appeal, Rule 1-3. Relator's challenge to her sentence is precluded on post-conviction. La. Code Crim.P. art. 930.3, *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. We deny Relator's remaining claims finding they have no merit.
>
> *State of Louisiana v. Deborah McAnulty*, No. KH 11-00096. [Doc. 1-2,

---

defendant; and, (11) denial of fair trial when District Attorney threatened a witness with prosecution for perjury.

[3] Petitioner argued the following claims – (1) insufficiency of the evidence, (2) ineffective assistance of counsel/conflict of interests, (3) ineffective assistance of counsel for failing to thoroughly investigate and call witnesses, (4) failure to provide an impartial and unbiased jury, (5) error in denying the motion for severance, and (6) failure to articulate the reasons for consecutive sentences.

Attachment 9, pp. 176-177]

On July 11, 2012,  petitioner filed a *pro se* writ application in the Louisiana Supreme

Court raising unspecified claims for relief. On October 25, 2013, the Supreme Court denied writs

without comment. *State of Louisiana ex rel. Deborah McAnulty v. State of Louisiana*, 2012-1600

(La. 10/25/2013), 124 So.3d 1089.  [Doc. 1-2, Attachment 8, pp. 174-175]

Petitioner's *pro se habeas corpus* petition was signed on January 23, 2014, [Doc. 1-1, p.

110] and mailed on February 6, 2014. [Doc. 1-4, p. 1] It was received and filed on February 10,

2014.[4]

### *Law and Analysis*

This petition was filed after the effective date of the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), and therefore, the provisions of the Act, including the provisions

relating to limitations and the bar on second and successive petitions must be applied.

### *1. Second and Successive – 28 U.S.C. §2244(b)*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is

---

[4] Petitioner argues the following claims for relief – (1) ineffective assistance of counsel/conflict of interest; (2) ineffective assistance of counsel based upon court's failure to grant petitioner's motion to sever; (3) trial court failed to protect petitioner's right to conflict-free counsel; (4) ineffective assistance of counsel for failing to call witnesses to testify; (5) ineffective assistance of counsel for failing to conduct independent medical testing for sexually transmitted diseases; (6) ineffective assistance of appellate counsel for abandoning two assignments of error; (7) ineffective assistance of counsel for failing to hold a *Garcia* hearing on the issue of conflict of interest; (8) ineffective assistance of counsel for failing to properly voir dire prospective jurors; (9) ineffective assistance of counsel for failing to move for mistrial following the judge's illness; (10) ineffective assistance of counsel for suborning perjury; (11) ineffective assistance of counsel for failing to object when the District Attorney threatened a witness with perjury prosecution; and, (12) ineffective assistance of counsel when State failed to comply with its *Brady* obligation. [Doc. 1-1]

filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."   This is the second petition for *habeas corpus* filed by this petitioner. It attacks the same convictions and sentences which were the subject of her prior petition.  However, "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998).

As noted above, petitioner's previous *habeas* petition was dismissed without prejudice because petitioner failed to exhaust available State court remedies prior to filing her petition.  A second *habeas corpus* petition filed in the district court after an initial *habeas* petition was dismissed without prejudice for failure to exhaust state remedies is not a second or successive petition. *Slack v. McDaniel*, 529 U.S. 473, 485-486, 120 S.Ct. 1595, 1604-1605, 146 L.Ed.2d 542 (2000).

### 2. Limitations – 28 U.S.C. §2244(d)(1)(A)

Title 28 U.S.C. §2244(d)(1) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[5]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not

---

[5] It does not appear that petitioner is entitled to reckon limitations as provided for in Subsections B, C, or D of the statute.  She has not identified any state created impediments to filing; nor the existence of a newly recognized Constitutional right; nor the recent discovery of the factual predicates of her claims.

counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields*

*v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of

time before the proper filing of an application for post-conviction relief in state court is counted

against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir.

1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the

limitations period is tolled only for as long as the state application remains pending in the state's

courts.  *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-

year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed to the Third Circuit Court of Appeals.  On October 3, 2007, her

convictions and sentences were affirmed and notice of judgment was mailed to her attorney and

others.  [*See State of Louisiana v. Rickie Cuskey and Debra McAnulty*, 2007-121 (La. App.

10/3/2007), 964 So.2d 490 (Table); see slip opinion at Doc. 1-3, Attachment 18, pp. 107-123]

Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Third Circuit's

mailing of notice of judgment within which to petition the Supreme Court for further direct

review, or, until on or about November 2, 2007.[6]  However, petitioner did not seek further direct

review in the Supreme Court.  Therefore, her judgment of conviction "... became final by ...

expiration of the time for seeking [further direct]  review..." under 28 U.S.C. §2244(d)(1)(A)

when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court

Rule X, §5(a) expired on November 2, 2007. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.

2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment

---

[6] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.")  Thereafter, since petitioner's judgment of conviction became final under the AEDPA on November 2, 2007, she  had 1-year, or until November 2, 2008, to file her federal *habeas corpus* petition.

She cannot rely upon the pendency of her first *habeas corpus* petition because a federal collateral attack does not serve to toll limitations under the AEDPA. *Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 2125, 150 L.Ed.2d 251 (2001) (Congress did not intend properly filed applications for federal *habeas corpus* review to toll the limitation period pursuant to Section 2244(d)(2).)[7]

Nor can she rely upon the pendency of her State application for post-conviction relief since that application was not filed until October 19, 2009 [see Doc. 1-3, Attachment 15, pp. 5-37]  and by that time the one-year period of limitation established by the AEDPA had long expired.

In short, the available evidence establishes that petitioner's federal *habeas* petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

### *3. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th

---

[7] Further, as noted by Magistrate Judge Hornsby, it appears that the federal petition was filed after the one year limitations period had expired.

Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

This petition establishes neither diligence on the part of the petitioner nor the presence of extraordinary circumstances. She is not entitled to the benefits of equitable tolling.

### 4. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, April 22, 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**